McFarland, J.,
delivered the opinion of the Court.
The defendants were the tenants of the plaintiff, of a store house in Memphis, under a written lease for the term of one year, commencing on the 1st day *23 of September, 1866, and ending the 31st of August, 1867, at a yearly rent of $6,000, payable monthly in advance. Before the expiration of this lease — on the 20th July, 1867 — Goodloe, the plaintiff’s agent, by the direction of the plaintiff, notified the defendants that if they held over after the expiration of the old lease— 31st. August — they would have to take the premises for the succeeding year at $5,000, payable in monthly installments of $416.66, in advance. It was shown to be the custom of the plaintiff to rent these premises by the year, beginning on the 1st day of September, that being the beginning of the business year. When Goodloe notified the defendants of the terms upon which they could hold over, as above shown, they said the rent was too high, but did not say whether they would hold over or vacate the premises at the expiration of the first lease. The defendants did not vacate the premises on the 31st of August, but continued to hold possession. On the 2d of September Goodloe, the agent, called on defendants and collected the rent for that month, $416,66. At this time one of the defendants told the agent Goodloe that $5,000 per annum was too much rent; that he was willing to give that much by the month so long as they continued to occupy it, or until they could get another place, or that he would take the premises for a year at $4,000. Goodloe said he had no authority to change the terms or make any agreement about it, but that he would see his principal, Mr. Brinkley, upon the subject. Goodloe at the time received the rent for September, $416.66. He soon afterward in *24 formed the plaintiff of the defendants’ dissatisfaction about the rent, but the plaintiff refused to change his terms in any way. The defendants quit the premises without notice on the 31st of October. They after-wards paid the rent for October, but refused to pay any further.
'This action was brought on the 11th of December to recover the rent for the month of November. The plaintiff failing in the action, has appealed in error.
Upon the foregoing facts the court below charged the jury, in substance, that if it appeared from the evidence that there was a new contract for leasing, this contract should govern and not the old lease. That if there was such a new contract of tenancy, and a distinct agreement between thé parties that the tenants were to occupy the premises until they could find another place, then they could quit the premises and terminate -the lease without notice. When the payment of money is offered upon certain terms, the acceptance of the- money without dissenting from the terms is an acceptance of the terms; and in this case, if the jury find from i the evidence that the plaintiff, through his agent, accepted the money paid by the defendants on the 2d day of September, 1867, after the defendants had stated the terms upon which they were willing to pay it, such acceptance of the money is an acceptance of the defendants’ terms.
To portions of this charge, taken alone and in the abstract, there could be no exception; but as a whole, and without qualification, it was not the proper charge *25 to have been given. The jury are told that the acceptance of the money paid by the defendants to G-oodloe on the 2d of September, after the defendants had stated the terms upon which they were willing to pay it, was an acceptance of the defendants5 terms.
This was deciding the ease, and was not correct. The defendants were notified, before the expiration of the first year, that if they held over after the expiration of their term, they would be required to take the premises for the year at the rent of $5,000 per annum, payable monthly in advance. If they did not desire to accept these terms, it was their duty to have vacated the premises before the 1st of September. If these terms were not accepted, the plaintiff was upon that' day entitled to the possession. And the mere fact that with this notice they continued .to hold possession after that date, in the absence of a different agreement, is sufficient evidence that they accepted the lease for the next year upon the terms proposed by the plaintiff, and the contract thereby became complete./ That, at the time these terms were proposed, they said that the rent was too high, -and did not' then say they would accept the terms, does not change the result. They were notified by the plaintiff that if they held over, he would treat this as an acceptance of his terms. They did hold over, and it is this fact which constitutes their acceptance of the contract. Had no terms been proposed or agreed upon,- a holding over would have been upon the terms of the original contract. This, then, being the state of facts, *26 the defendants were bound by the terms stated to them by Goodloe on the 20th July, 1869, unless it be proven that a different agreement was assented to-by both parties subsequently.
On the 2d of September the agent, Goodloe, called on the defendants for $416.66, the rent for the month of September; the defendants tell Goodloe that the rent is too high, that they are willing to take the house by the month at that rate, but by the year they are only willing to give $4,000. Goodloe tells the defendants that he has no authority to change the terms. They pay him the $416.66 for the month „ of September. This he accepts and pays to his principal, notifying him that the defendants are dissatisfied with the terms, but he refuses to make any change.
The Circuit .Judge tells the jury that, under this state of facts, the acceptance of this money was an acceptance of the terms proposed by the defendants.
"We cannot so understand it. This overlooks the fact that the terms of the lease had already been settled, as we have before seen, by the defendants holding over after the .first of September, after being no- . tified of the only terms upon which they could do so. To change this, both parties must assent.
"Was it proper to tell the jury that the acceptance of the rent for September should be construed as an assent to this change? In receiving this money the plaintiff only received what, by the terms of his previous contract, he was .entitled to. The defendants, in paying it, were not making a contract; they only *27 paid what they were then legally bound to pay, and they had no right, in making this payment, to annex to it a condition not previously existing, and make the acceptance of the money an acceptance of their condition. In refusing to change the terms of the lease, the plaintiff was not bound to return this money: it was due him in any event.
The facts in the record are few and simple. There are but two witnesses, and no material conflict in their testimony. If the charge was entirely free from exception, the evidence would not sustain the verdict for the defendant.
Reverse the judgment and remand the cause for a new trial.
Subsequently, on the 13 th of November, 1868, Brinkley brought suit against the defendants for the rent of the property for the remainder of the year; and failing also in this suit, has appealed in error, and the two causes have been in this court heard together. The facts proven in this latter case, by the two witnesses examined in the first case, are precisely the same. In addition, in this latter case, two of the defendants are examined in their own behalf— A. M. Smith and L. M. "Walcott.
The only material facts proven by them in addition to the facts proven by the other witnesses, are, that Smith proves that sometime in July he was informed by Goodloe that the rent for the next year would be $5,000, and witness replied, that he would not keep the store, it was too much. Walcott proves, that in *28 August, before the expiration of the lease, in company with others of the plaintiff’s tenants, he called upon the plaintiff, at his office in Memphis, for the purpose of arranging leases for the next year. Witness told plaintiff that he was willing to give $4,000 for the store for the next year, but would not pay more than that; that they might not get out by the first of September, but would during the month. The plaintiff replied that he could not abate the rent. Witness then told him he might rent his building; that witness would pay $4,000 for the next year, or would pay at the rate of $5,000 .as long as they stayed after the expiration of the old lease. To this plaintiff made no reply. This seems to have been after Good-loe had notified the defendants what the terms for renting would be. As witness says, they had no further message from the plaintiff until the 2d of September, and he agrees substantially with the other witnesses as to what occurred on that day.
The charge of the Circuit Judge in this case is full, and in most respects very clear and accurate. The jury were told in substance, among other things, that if the plaintiff assented to the proposition of Wal-cott, made in August, this would be binding upon him, and it was not necessary that he should assent openly, — his assent might be presumed from his silence; provided, under the circumstances, good faith required that he should have openly announced his dissent. This was not error. However, it would have been perhaps proper for the court to have told the jury, in the same connection, that in determining *29 this it was proper to look to all that was said at the time, and take it in connection with what occurred on the 20th of July between defendants and Goodloe, and what afterwards occurred on the 2d of September, in order to determine whether in reality the parties understood the proposition, or propositions, of Walcott to have been assented to.' We do not hold, however, that the failure of the Circuit Judge to add this direction to his charge, was an error for which there should be a reversal.
As to the transaction of the 2d of September, the •following proposition was submitted to the jury: “If, after the defendants’ old lease had expired, they continued to occupy, and, upon the plaintiff’s agent applying for the payment of rent, they paid one month’s rent, with the declaration that they paid it with the understanding that they were only to pay so long as they occupied; and the plaintiff’s agent replied, that he had no authority to reduce the rent, but that he would see the plaintiff; and the agent took the rent and paid it over to the plaintiff, and told him the circumstances under which it was paid, — that it was paid by the defendants with the understanding that they would only pay so long as they occupied the premises; and the plaintiff took the rent with this knowledge, he would be bound by this contract; and in this event you will find for the defendants.”
This proposition, without qualification, was not correct. Upon the assumption that Walcott’s proposition to the plaintiff, in August, was assented to by the plaintiff, then the above proposition would not be ob *30 jectionable. It will be observed that "Walcott’s proposition was two fold — that is, he proposed to take the premises for the year at $4,000, or that he would take them at the rate of $5,000 so long as they stayed, reserving the right to leave when he chose.
If the plaintiff by his silence assented to this, there is nothing to show which one of the two propositions he accepted, for they are widely different, so it would have been taken, that if he did assent at all, he assented generally, with the right afterwards to elect which of the two he would accept. It may be doubted whether a general assent to two different propositions, without any indication which of the two is accepted, would constitute a contract. But passing this, and assuming that the plaintiff, by his silence, had agreed upon one or the other of these propositions, — then the defendants were not informed which of the two propositions was accepted; and in this view, when Goodloe called on the 2d of September for the rent, and the defendants paid him $416.86, with the declaration above set forth, and with a knowledge of this the plaintiff accepted it, this acceptance might then be taken as evidence that the plaintiff thereby elected to accept the latter proposition; that is, the defendant might hold at the rate of $5,000 per annum, with the right to quit at pleasure, otherwise he was receiving more than was due; and in this view the proposition of the Circuit Judge was not erroneous. But, as has been said, this is upon the assumption that the silence of the plaintiff in the interview between him and Walcott, was an assent *31 that the defendants might hold the premises under one or the other of these propositions.
On the other hand, if this proposition of Walcott was not assented to by the plaintiff, then the proposition under discussion was erronepus. If the interview between the plaintiff and Walcott did not amount to a contract, then, this being out of the way, the fact that the defendants held over after the expiration of their lease, would amount to an acceptance of the terms proposed to them by Goodloe on the 20th of July, as the Circuit Judge correctly told the jury. This being so, the defendants could not, after their liability on this contract had attached, annex to their payment of the rent for September, which they were then bound to pay, the condition that they were only paying it upon the agreement that they were thereafter to hold at the same rate, with liberty to quit at pleasure without notice, and make the acceptance of the money, then due, acceptance of the terms they then dictated. If, before the expiration of the first lease, the defendants had tendered á month’s rent with this condition annexed, and the plaintiff had accepted it, then the acceptance of the money would be an acceptance of their proposition. If the plaintiff did not desire to accept the proposition, it would in that ca.'-e be his duty to return the money. But the error here is in telling the jury that this would be the effect of accepting the money after the termination of the first lease, when the defendant had already become bound to pay the money.
*32 We are of opinion that a new trial should bo-granted for this error.
Reverse the judgment.